UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PONCIANO AUSTRIA,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security, *et al.*,<br><br>    Respondent. | Case No. C02-2196FDB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter is before the Court on a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Magistrate Judge Mary Alice Theiler has filed a Report and Recommendation, to which Petitioner has filed objections, and Respondents have responded.

Petitioner is a native and citizen of the Philippines who was found by an Immigration Judge to be removable for having been convicted of an aggravated felony and therefore ineligible for a waiver under Section 212(c), or for other relief from deportation under the Immigration and Nationality Act (INA).

Petitioner alleges that the former Immigration and Naturalization Service's refusal to adjudicate his application for naturalization was arbitrary and capricious, an unlawful refusal to

ORDER - 1

1 exercise discretion, and that the Board of Immigration Appeals (BIA) made a legal error in

2 summarily affirming the Immigration Judge's decision and did not follow the governing regulations.

3 Respondents argue that Petitioner is an aggravated felon under Immigration and Nationality

4 Act (INA), having been convicted of an aggravated felony and, therefore, ineligible for any relief

5 from removal, such as a Section 212(c) waiver or other relief from deportation under the Act.

6 Petitioner's record and procedural history of this case is as follows:

7 February 12, 1987, conviction (Los Angeles Superior Court) Assault with a Firearm on a Person;

8 October 2, 1990 (Municipal Court Burbank, California)l Possession, Manufacture, or Sale of a Dangerous Weapon;

9 July 30, 2000, the INS arrested Petitioner on a "Warrant for Arrest of Alien and Notice of Custody Determination" at Blaine, Washington after being denied entry into Canada

10 based on his U.S. criminal record;

October 18, 2000, at his hearing, he denied the February 12, 1987 conviction, , the

11 proceedings were continued pending receipt of records from California;

November 30, 2000, Petitioner married a Philippines born naturalized U.S. citizen;

12 January 22, 2001, after receipt of the California criminal records, INS files an additional charge of inadmissibility/deportability (conviction of unlawful possession of a

13 weapon;

March 7, 2001, Petitioner's spouse filed a Petition of a Relative on his behalf, and Petitioner

14 filed an application for naturalization and asked that removal proceedings be terminated;

15 June 7, 2001, the Immigration Judge denied Petitioner's motion to terminate the removal proceedings, found Petitioner removable, pretermitted Petitioner's applications for

16 discretionary waivers, and found him ineligible for Cancellation of Removal;

June 28, 2001, Petitioner appealed to the BIA, which affirmed the IJ's decision on September

17 25, 2002;

May 7, 2002, INS denied Petitioner's application for naturalization, concluding that

18 Petitioner lacked the requisite good moral character because of his aggravated felony convictions.  INS also determined Petitioner was ineligible for naturalization because

19 removal proceedings were pending.

20 ***Adjustment of Status***

21 The Magistrate Judge concluded that where, as here, the IJ heard and denied the application

22 for adjustment of status on its merits, judicial review is precluded by 8 U.S.C. § 1252(a)(2)(B), as

23 amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).

24 The Magistrate Judge also concluded on the claim that denial of his application for

25 adjustment constitutes a violation of substantive due process to live with and support his family in

26 ORDER - 2

the United States. The Magistrate Judge found no authority for Petitioner's argument; on the contrary stated that the Ninth Circuit has specifically found that the Constitution does not recognize a fundamental right of an alien to remain in this country. *See Sun v. Ashcroft*, 370 F.3d 932, 944 n.18 (9th Cir. 2004)(The Court declined to recognize a fundamental liberty interest for adults to remain in the United States because their parents and siblings are here.). The Magistrate Judge noted that to conclude that an alien had a fundamental right to remain in this country would entail considerable interference with Congress's substantive immigration policies.

Petitioner first objects to the Magistrate Judge's rejection of his argument that he is eligible for adjustment of status based on his marriage to a U.S. citizen. Petitioner contends that there are two steps in adjudication a request for adjustment of status: "The first step in adjudicating a petition for adjustment of status is the nondiscretionary determination of statutory eligibility, followed by a discretionary determination regarding whether an eligible applicant is actually permitted to adjust status." *Hernandez v. Ashcroft*, 345 F.3d 824, 845 (9th Cir. 2003). Petitioner asserts that the Magistrate Judge did not exercise her discretion in the second step. The error that the IJ made, argues Petitioner, is in stating that Petitioner is not eligible for adjustment because "he is already a lawful permanent resident."

Petitioner also objects to the IJ's conclusion that Petitioner is not eligible for adjustment of status based on a marriage that occurred while he was in removal proceedings, because the "CIS" has approved his wife's petition, which establishes that the he has met the burden of establishing by "clear and convincing evidence that the marriage was entered into in good faith." *See* 8 C.F.R. § 1245.1(c)(9)(iii)(F).

Petitioner distinguishes his situation where he has a "U.S. citizen family" from that of Mr. Sun in *Sun v. Ashcroft*.

ORDER - 3

The Magistrate Judge correctly analyzed Petitioner's argument with respect to the IJ's decision. Section 242(a)(2)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B), provides as follows:

> Notwithstanding any other provision of law, no court shall have jurisdiction to review – (i) any judgment regarding the granting of relief under section ... 1255 of this title ... .

And *See Hernandez v. Ashcroft*, 345 F.3d 824, 845 (9th Cir. 2003)("Although the eligibility determination is clearly reviewable, IIRIRA stripped us of jurisdiction to review the discretionary aspect of a decision to deny an application for adjustment of status."). While Petitioner argues that the IJ incorrectly interpreted Section 242(a)(2)(B) and that this is a violation of due process. Nevertheless, Petitioner is challenging the IJ's discretionary action as a constitutional or statutory violation, which is unavailing. *See, Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)("a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."). Petitioner's argument on this issue fails.

Finally, on the issue of violation of substantive due process in not being allowed to stay with his family, while Petitioner may distinguish his situation from the in *Sun*, nevertheless, he still has not convinced the Court that an alien has a fundamental right to remain in this country with his family.

### *Naturalization*

The Magistrate Judge concluded that because the IJ lacked authority to decide petitioner's eligibility for naturalization, and because there was no communication form the INS or a declaration from a court that petitioner was prima facie eligible for naturalization, the IJ correctly determined that Petitioner did not satisfy the requirements for termination.

Petitioner objects to the Report and Recommendation arguing that the Magistrate Judge incorrectly interpreted 8 C.F.R. § 239.2(f)(2001), which provides as follows:

> An immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when

ORDER - 4

> the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors ... .

Petitioner argues that the Magistrate Judge interpreted this regulation such that it could never be put to use. Petitioner also argues that the Immigration Judge merely indicated that she would not terminate proceedings on equitable or humanitarian grounds alone, and the Magistrate Judge indicated that in the absence of a communication from the INS or a court declaration that Petitioner was eligible for naturalization, Petitioner could not establish prima facie eligibility for naturalization. Moreover, Petitioner argues that the Government has no plausible argument that Petitioner is not prima facie eligible for naturalization because he has lived in the United States as a permanent resident since June 1979, he has never traveled outside the United States during that time, and he is not statutorily disqualified from naturalization on the basis of his convictions.

The Respondent argues that the while the IJ had the power to terminate a removal proceeding if she finds that a naturalization application is concurrently pending and "the matter involves exceptionally appealing or humanitarian factors," the IJ did not and could not exercise such discretion in Petitioner's favor because of Petitioner's failure to show "exceptionally appealing or humanitarian factors."

The statute provides that an immigration judge may terminate removal proceedings to permit an alien to proceed to a final hearing on a pending application or petition for naturalization "when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors; ... ." 8 C.F.R. § 239.2(f) The burden is on the petitioner to make this showing (8 C.F.R. § 316.2(b). Petitioner here made no such showing before the IJ. Petitioner's argument on this issue fails.

### *Retroactivity*

The Magistrate Judge first outlined the various statutes in this area, then concluded:

> In *Aragon-Ayon* [*v. INS*, 206 F.3d 847, 853 (9th Cir. 2000), the Ninth Circuit determined that section 321(c) of IIRIRA contains a clear and express directive from

ORDER - 5

> Congress that the amended definition section of "aggravated felony" should be applied to all criminal violations committed by an alien after his or her entry into the United States, regardless of whether they were committed before of after the amended definition went into effect. *Aragon-Ayon*, 206 F.3d at 853("Congress intended the 1996 amendments to make the aggravated felony definition apply retroactively to all defined offenses whenever committed, and to make aliens so convicted eligible for deportation notwithstanding the passage of time between the crime and the removal order."

The Magistrate Judge concluded that because the INS initiated removal proceedings against petitioner on July 30, 2000, well after IIRIRA's enactment on September 30, 1996, his 1987 conviction is clearly encompassed by the new provisions.

Petitioner continues to argue that under the ADAA § 7344(b) the "aggravated felony" ground of deportation does not apply to convictions after November 18, 1988. Petitioner noted that the Magistrate Judge correctly noted the distinction between the retroactive application of the definition of the term "aggravated felony" and the retroactive application of the consequences of having been convicted of an "aggravated felony."

Petitioner's argument is unpersuasive. The Ninth Circuit has ruled against Petitioner on the retroactive application of the Immigration Act's broadened definition of "aggravated felony." *Park v. INS*, 252 F.3d 1018, 1025 (9th Cir. 2001)("IIRIRA, however, clearly states, and we have so held, that the modified definition of 'aggravated felony' applies retroactively to all defined offenses, regardless of the date of conviction."). Other Courts have concluded similarly to the Ninth Circuit, and the law is now settled. *See, e.g., Seale v. INS*, 323 F.3d 150 (1st Cir. 2003)(Alien who had been convicted of an aggravated felony prior to November 18, 1988 was removable under IIRIRA's retroactive aggravated felony definition); *Mohammed v. Ashcroft*, 261 F.3d 1244, 1250 (11th Cir. 2001)("It is hard to imagine a clearer statement of Congressional intent to apply the expanded definition of aggravated felony to convictions ... pre-dating IIRIRA."). The contention that the retroactivity provision violates due process is without merit, and the Magistrate Judge appropriately concluded that there was a rational basis for the Act. *See, e.g. Kuhali v. Reno*, 266 F.3d 93 (2nd Cir.

ORDER - 6

2001)(Retroactive application of expanded aggravated felony definition to alien's 1980 conviction did not violate due process.).

### *Streamlining*

The Magistrate Judge addressed Petitioner's contention that the BIA should not have used the summary affirmance procedure because the requirements for doing so were not met and violated his right to procedural due process.  The Magistrate Judge described the development of the summary affirmance procedure.  The Magistrate Judge noted that the Ninth Circuit has determined that the BIA's streamlining procedures do not violate an alien's due process rights. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849-52 (9th Cir. 2003), but also noted that an alien can challenge whether the BIA has violated its own regulations in employing the procedure. *Chen v. Ashcroft*, 378 F.3d 1081, 1087-88 (9th Cir. 2004).  The Magistrate Judge concluded that the use of the streamlining procedure was appropriate as this case involves the unexceptional and straightforward application of familiar issues of defining "aggravated felony" crimes, *inter alia*, and does not involve a novel fact situation as in the case cited by Petitioner.

Petitioner insists that there is no existing precedent that "squarely" resolves the issue against him, and that the arguments in Petitioner's case are not "insubstantial."  Thus, pursuant to *Chem v. Ashcroft*, 378 F.3d 1081 (9th Cir. 2004), Petitioner's challenge to the use of the streamlined procedure has merit.

The Court does not agree with Petitioners argument, and concludes that the Magistrate Judge engaged in a thorough examination of the issue and reached the correct conclusion.

The Magistrate Judge rendered a thorough examination of the parties' arguments and drew appropriate conclusions in her Report and Recommendation.  The Court agrees with those conclusions and will adopt the R&R.

NOW, THEREFORE,

IT IS ORDERED:

ORDER - 7

1  (1)  The Court adopts the Report and Recommendation.

2  (2)  Respondents' Motion to Dismiss (Dkt. #21) is GRANTED, and this action is

3       DISMISSED.

4  (3)  The Clerk shall send a copy of this Order of Dismissal to all counsel of record, and to

5       Judge Theiler.

8  DATED this 18th day of April, 2005.

10  FRANKLIN D. BURGESS
    UNITED STATES DISTRICT JUDGE

26  ORDER - 8